UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALADDIN CASTLE APARTMENTS, INC.**      **CIVIL ACTION**

**VERSUS**      **NO: 23-2216**

**CERTAIN UNDERWRITERS AT
LLOYD'S LONDON**      **SECTION "H"**

### ORDER AND REASONS

Before the Court is Defendant Certain Underwriters at Lloyd's London's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 12). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This case arises out of an insurance contract dispute following Hurricane Ida. Plaintiff Aladdin Castle Apartments, Inc. alleges that Defendant Certain Underwriters at Lloyd's, London ("Lloyd's") issued an insurance policy covering property located at 617 Whitney Avenue in Gretna, Louisiana ("the Policy") that was in effect during Hurricane Ida. Plaintiff alleges that Defendant has not complied with its obligations under the Policy to pay for damage sustained by the property and asserts claims for breach of contract and bad faith damages. Now before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff has not filed an opposition into the record.

1

## **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[1] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[2] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[3]

## **LAW AND ANALYSIS**

In its Complaint, Plaintiff alleges that this Court has diversity jurisdiction over this matter "because there is complete diversity of citizenship as between the parties, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[4] Defendant, however, argues that this Court lacks diversity of citizenship jurisdiction because the amount in controversy requirement is not met. Because federal courts are courts of limited jurisdiction, the Court now considers whether Plaintiff has made "clear, distinct, and precise affirmative jurisdictional allegations" to support a finding that both the amount in controversy and complete diversity requirements are met.[5]

---

[1] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[2] Den Norske Stats Oljeselskap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[3] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[4] Doc. 1 at 1.
[5] *See* MidCap Media Finance, LLC v. Pathaway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019) (quoting Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988)).

Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000.[6] "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[7] A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[8] While the Fifth Circuit has not directly addressed the issue, "[f]ederal courts across the nation have agreed, though through different rationales, that when determining the diversity of citizenship of the parties in a case involving Lloyd's of London, all the 'names' must be taken into consideration."[9]

Plaintiff alleges that it is "a business incorporated under the laws of Louisiana with its principal place of business in the State of Louisiana."[10] Plaintiff further alleges that Defendant is "a foreign insurance company . . . incorporated under the laws of England and has its U.S. principal place of business in the State of New York."[11] The Fifth Circuit has explained, however, that "Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market. The Lloyd's entity provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's."[12] "The members or investors who collectively make up Lloyd's are called 'Names' and they are the

---

[6] 28 U.S.C. § 1332(a).
[7] McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir, 1968)).
[8] 28 U.S.C. § 1332(c)(1).
[9] Johnson v. Certain Underwriters at Lloyd's London, No. 09-2495, 2009 WL 3232006, at *3 (E.D. La. Oct. 2, 2009) (collecting cases); La. Rest. Ass'n, Inc. v. Certain Underwriters at Lloyd's, London, 573 F. Supp. 3d 1054, 1060–61 (E.D. La. 2021).
[10] Doc. 1 at 1.
[11] *Id.*
[12] Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (citing John M. Sylvester & Roberta D. Anderson, *Is It Still Possible To Litigate Against Lloyd's in Federal Court?*, 34 TORT & INS. L.J. 1065, 1068 (1999); Certain Interested Underwriters at Lloyd's, London v. Layne, 26 F.3d 39, 41 (6th Cir. 1994)).

individuals and corporations who finance the insurance market and ultimately insure risks."[13]

Because Plaintiff appears to make claims against Defendant Certain Underwriters at Lloyd's London in its representative capacity, the citizenship of all Names must be considered in determining whether this Court has diversity jurisdiction.[14] "[T]he party asserting federal jurisdiction must 'distinctly and affirmatively allege' the citizenship of the parties"[15] and a party's citizenship "cannot be established argumentatively or by mere inference."[16] Accordingly, this Court finds that Plaintiff has failed to adequately allege the citizenship of all Names subscribing to the Policy and therefore has failed to establish complete diversity of citizenship.

As to the amount in controversy, Defendant contends that the Complaint alleges an aggregate amount in controversy that exceeds $75,000, but "each Lloyd's member subscribing to the policy must meet the jurisdictional amount of $75,000."[17] In its Complaint, Plaintiff alleges that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[18] Because Plaintiff fails to specify the amount in controversy, Plaintiff bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[19] "In considering whether [Plaintiff] has met this burden, we must first examine the complaint to determine whether it is facially apparent

---

[13] *Id.* (internal citation omitted).
[14] *Johnson*, 2009 WL 3232006, at *3.
[15] Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001) (quoting Stafford v. Mobil Oil Corp., 945 F.2d 803, 804 (5th Cir. 1991)).
[16] Illinois Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 (5th Cir. 1983) (internal quotations marks and footnote omitted).
[17] Doc. 12-1 at 4.
[18] Doc. 1 at 1.
[19] *Physicians Hosps. of Am.*, 691 F.3d at 652.

4

that the claims exceed the jurisdictional amount. If the amount in controversy is not apparent, we may then rely on 'summary judgment' type evidence."[20]

Plaintiff requests damages for the cost of repairing its property, general damages, various bad faith damages, nonpecuniary damages, moratory damages, and various fees and costs.[21] The Complaint, however, omits any "estimate of the amount of costs, a predicted range of recovery, or an allegation of the total damages suffered, which may serve to provide some form of alternative calculation for the amount in controversy."[22] The extent of damages suffered and amount claimed by Plaintiff under the Policy are unclear from the face of the Complaint.[23] And given Plaintiff's failure to oppose the instant Motion to Dismiss, the Court finds no summary judgment type evidence from which it may determine that the amount in controversy requirement is met. Plaintiff has therefore not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 in this case.

Additionally, many courts in this district have held that the "amount in controversy must be established as to *each* Name subscribing to the policy because each Name underwriting the policy at issue is a real party in interest to a case against Lloyd's."[24] Plaintiff alleges that "the matter in controversy

---

[20] Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) (internal citations omitted).

[21] Doc. 1 at 6.

[22] Romero-Palacios v. Warren Elec., LLC, No. PE:21-CV-00042-DC-DF, 2022 WL 508342, at *4 (W.D. Tex. Feb. 18, 2022) (Fannin, J.).

[23] Plaintiff asserts entitlement to bad faith damages under Louisiana law. Louisiana Revised Statutes § 22:1892 provides for a penalty of "fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater." Louisiana Revised Statutes § 22:1973 provides for a penalty "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." Because the amount of damages claimed by Plaintiff is unclear, the amount of bad faith damages in controversy is not facially apparent.

[24] Advanced Sleep Center, Inc. v. Certain Underwriters at Lloyd's London, No. 14-592, 2015 WL 4097069, at *3 (E.D. La. July 7, 2015) (Morgan, J.) (citing Rips, LLC v. Underwriters at Lloyd's London, No. 14-1969, 2015 WL 2452339, at *3 (E.D. La. May 21, 2015) (Berrigan,

5

exceeds the sum or value of $75,000, exclusive of interest and costs," but fails to establish the amount in controversy as to each Name subscribing to the Policy. Thus, even if this Court found that it is facially apparent from the Complaint that the aggregate of claims exceeds the jurisdictional amount, Plaintiff has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 as to each Name subscribing to the Policy.

Plaintiff's failure to properly allege jurisdiction, however, is not fatal.[25] 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[26] A district court's discretion to permit amendment under § 1653 turns on the nature of the jurisdictional defect.[27] Where "jurisdictional problems are of the 'technical' or 'formal' variety, they fall squarely within the ambit of § 1653."[28] Thus, a court may permit amendment "where the defect is merely one of the pleading and not one of an absence of proof of facts necessary to establish diversity of citizenship."[29]

Defendant argues, however, that the defect is one of substance, "as Beazley Syndicate 623 alone has more than 1000 underwriting members and the jurisdictional amount of $75,000 is not met for each of the members."[30] The

---

J.); G&M Holding, Inc. v. Certain Underwriters at Lloyd's of London, No. 07-4883, 2008 WL 215842, at *2 (E.D. La. Jan. 23, 2008) (Barbier, J.); Team One Props., LLC v. Certain Underwriters at Lloyd's, London, 281 F. App'x 323 (5th Cir. 2008)); Green Coast Enters., LLC v. Certain Underwriters at Lloyd's, No. 22-973, 2022 WL 2208206, at *5 (E.D. La. June 21, 2022) (Africk, J.).

[25] *See* Whitmire v. Victus Ltd., 212 F.3d 885, 887 (5th Cir. 2000) (citation omitted).
[26] 28 U.S.C. § 1653.
[27] *Whitmire*, 212 F.3d at 888.
[28] *Id.*
[29] Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991) (quoting Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986)).
[30] Doc. 12-1 at 3.

Policy, which has been filed into the record, lists the allocation of liability with respect to each insurer.[31] The Policy lists that Binding Authority B0429BA200168 has a 4% share of liability.[32] Plaintiff's ability to meet the amount in controversy requirement therefore depends upon (1) the aggregate amount in controversy, which is not facially apparent from the Complaint; (2) the Syndicate(s) subscribing to each Binding Authority, including B0429BA200168; and (3) the precise number of Names in each Syndicate. Defendant asserts that Beazley 623 and 2623 subscribe to Binding Authority B0429BA200168, and "Beazley Syndicate 623 alone has more than 1000 underwriting members."[33] Defendant, however, fails to provide the Court with any evidence demonstrating the identity or precise quantity of Names belonging to Syndicate 623.[34] The Court is therefore unable to conclude at this time that Plaintiff's failure to adequately plead the amount in controversy is a substantive, rather than technical, defect. Accordingly, Plaintiff is granted leave to file an amended complaint to allege distinctly and affirmatively the jurisdictional facts that give rise to diversity jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**. **IT IS ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**. Defendants may file an amended complaint remedying the deficiencies identified herein within 10 days from the entry of this Order. Failure to timely

---

[31] Doc. 20-1 at 10.
[32] *Id.*
[33] Doc. 12-1 at 2.
[34] While Defendant lists that Syndicates 623 and 2623 subscribe to B0429BA200168, Defendant failed to attach the Policy to its Motion to Dismiss or to otherwise explain where the list of syndicates subscribing to each Binding Authority was obtained. *See id.* at 2 n.1. The list of carriers does not provide such information. *See* Doc. 20-1 at 10.

file the amended complaint will result in dismissal for lack of subject matter jurisdiction.

New Orleans, Louisiana this 22nd day of April, 2024.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**